IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TROY LEE WHITMAN, | : | Civil No. 1:20-CV-1452 |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| LEBANON COUNTY | : | |
| ADMINISTRATION, *et al.*, | : | |
| | : | Judge Jennifer P. Wilson |
| Respondents. | | |

**MEMORANDUM**

Presently before the court for screening is Pennsylvania state inmate Troy Lee Whitman's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. For the reasons that follow, Whitman's application to proceed *in forma pauperis* will be granted, and the petition will be dismissed without prejudice to Whitman's right to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his Lebanon County Court of Common Pleas conviction. To the extent one is needed, a certificate of appealability will be denied.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

In December 2016, Whitman was arrested on twenty-five counts of child pornography in the Lebanon County Court of Common Pleas. *See* Doc. 1; *Commonwealth v. Whitman*, CP-38-CR-0000059-2017 (Lebanon Cnty. Ct. Com. Pl.) (docket sheet).[1] On June 20, 2017, Whitman entered a negotiated guilty plea.

---

[1] The court takes judicial notice of Whitman's criminal docket sheet, available to the public at https://ujsportal.pacourts.us/ (last visited Oct. 29, 2020).

Case 1:20-cv-01452-JPW-PT   Document 8   Filed 11/04/20   Page 2 of 5

(*Id.*)  On August 30, 2017, he was sentenced to a term of eleven months to two years minus one day incarceration.  (*Id.*)  Following a parole violation, Whitman was committed to a term of one to five years' imprisonment on June 12, 2019.  (*Id.*)  He is presently housed at Coal Township State Correctional Institution.  (Doc. 1.)

Whitman filed a § 2241 petition on August 4, 2020, which challenges the validity of his conviction.  (Doc. 1.)  Whitman claims to have appealed his conviction twice.[2]  It appears that Whitman, on two occasions, requested the trial court to release him on parole, and both of his letter requests were denied.  (*Id*. at pp. 11–12.)  In his petition, Whitman asserts that both his public defender and trial judge had disqualifying conflicts of interest prohibiting their involvement in his criminal proceedings.  (*Id*. at 6–7.)

## STANDARD OF REVIEW

This matter is before the court for screening.  *See* 28 U.S.C. § 2243.  The Petition has been given preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. § 2254 (applicable to § 2241 petitions under Rule 1(b)); *see also Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979) (explaining that Rule 4 is "applicable to

---

[2] The court is unable to locate any Pennsylvania Superior or Supreme court cases involving Whitman.

2

Section 2241 petitions through rule 1(b)").  Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

## DISCUSSION

Petitioner, a state inmate, challenges his conviction pursuant to 28 U.S.C. § 2241.  Section 2241 confers jurisdiction on district courts to issue a writ of habeas corpus in response to a petition from a prisoner who is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  Section 2254 confers jurisdiction on district courts to issue "writs of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court ... on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  In *Coady v. Vaughn*, 251 F.3d 480 (3d Cir. 2001), the Third Circuit held that a convicted state prisoner must bring his habeas claims pursuant to section 2254 and not section 2241.  *Id.* at 484-85.

Whitman's reliance on section 2241 as a means to challenge his conviction is misplaced.  Any challenge to his Lebanon County Court of Common Pleas conviction must proceed under section 2254 because he is challenging the validity of his state sentence.  *See Washington v. Sobina*, 509 F.3d 613, 618 n.5 (3d Cir.

2007) ("We have held that a state prisoner challenging the validity or execution of his state court sentence must rely on the more specific provisions of § 2254 rather than § 2241."); *DeVaughn v. Dodrill*, 145 F. App'x 392, 394 (3d Cir. 2005) (nonprecedential) ("A prisoner challenging either the validity or execution of his state court sentence must rely on the more specific provisions of § 2254 and may not proceed under § 2241."). Additionally, section 2241 is not an alternative to section 2254. Section 2254 contains a one–year statute of limitations regarding the timely filing of a petition, and "Congress has restricted the availability of second and successive petitions through Section 2244(b)." *Coady*, 251 F.3d at 484. Allowing a petition to proceed under section 2241 would circumvent these restrictions and thwart Congressional intent. *Id.* at 484–85.

Finally, as reasonable jurists could not debate that this court correctly dismissed Whitman's petition on procedural grounds for failing to file his habeas petition under 28 U.S.C. § 2254, the court declines to issue Petitioner a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## CONCLUSION

Against this backdrop, the court will summarily dismiss Whitman's petition, pursuant to Rule 4, because it should have been brought under 28 U.S.C. § 2254 rather than 28 U.S.C. § 2241.  This dismissal will be without prejudice to Whitman's ability to take any action he deems appropriate under 28 U.S.C. § 2254.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated:  November 4, 2020